UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHANE JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC et al.,<br><br>Defendants. | Case No. 3:26-cv-05038-TMC<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITHOUT PREJUDICE |

## I. INTRODUCTION

Before the Court are Defendant Nationstar Mortgage LLC's ("Nationstar") and Defendant Rocket Mortgage LLC's ("Rocket") motions to dismiss claims brought by pro se Plaintiff Shane Johnson. Dkts. 20, 25. For the reasons set forth below, the Court GRANTS Nationstar and Rocket's motions and DISMISSES all claims without prejudice. Because defects in the complaint may be cured by amendment, the Court GRANTS Mr. Johnson leave to amend his complaint no later than December 23, 2026.

## II. BACKGROUND

This consolidated case concerns a mortgage on a real property in Shelton, Washington. No. 3:26-cv-05673-TMC, Dkt. 1-2 at 5, *consolidated with* No. 3:26-cv-05028-TMC. Johnson was appointed the successor in interest to the property when Sharon Rayee passed away in 2025.

*Id.* at 6. Johnson's exhibits attached to his complaint show that he continues to make payments on the loan and that the principal balance was $102,755.82 as of May 11, 2026. *Id.* at 7, 31.

Johnson brings two claims. First, he brings an action to quiet title to his property, alleging that Nationstar has been unlawfully collecting payments, even though Taylor, Bean & Whitaker Mortgage Corporation is the "most recent recorded party on the Deed of Trust" and "[n]o assignments, endorsements, or transfers of the Deed of Trust or Note to Nationstar Mortgage, Rocket Mortgage, or any other entity have ever been recorded." *Id.* at 6–7. Second, he brings a claim under the Real Estate Settlement Procedures Act ("RESPA") for Nationstar's "failure to respond" to Johnson's qualified written requests ("QWRs") about the property. Dkt. 1 at 2.

Before the Court are Defendants' motions to dismiss Johnson's complaints. Dkts. 20, 25; No. 3:26-cv-05673, Dkt. 9. For the reasons set forth below, the Court GRANTS Defendants' motions to dismiss without prejudice.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) motions may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). To survive a Rule 12(b)(6) motion, the complaint "does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible 'when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

The Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party," *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014), but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks and alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Finally, the Court must construe a pro se plaintiff's pleadings liberally and "afford the petitioner the benefit of any doubt." *Boquist*, 32 F.4th at 774 (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). But even when considering a pro se litigant's pleadings, the Court does not assume the truth of legal conclusions presented as facts, and mere conclusory statements are not enough to support a claim. *Iqbal*, 556 U.S. at 678. "A liberal construction of a pro se complaint . . . does not mean that the court will supply essential elements of a claim that are absent from the complaint." *Boquist*, 32 F.4th at 774 (citing *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014)).

## IV. JUDICIAL NOTICE

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citation omitted). When "matters outside the pleading are presented to and not excluded by the court," a motion to dismiss "converts into a motion for summary judgment

under Rule 56." *Id.* (quoting Fed. R. Civ. P. 12(d)). "Then, both parties must have the opportunity 'to present all the material that is pertinent to the motion.'" *Id.* (quoting Fed. R. Civ. P. 12(d)). This rule has two exceptions. *Id.* First, a court may take judicial notice of facts "not subject to reasonable dispute" because they either: "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The second exception is "the incorporation-by-reference doctrine." *Khoja*, 899 F.3d at 998. This rule allows courts to consider a document that is not attached to the complaint if the complaint "necessarily relies" on it and "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (internal quotation marks omitted). Although these two exceptions are "often conflated," they are "distinct" from one another, as a court can consider a document that is incorporated by reference into a pleading without taking judicial notice of it. *Gammel v. Hewlett Packard Co.*, 905 F. Supp. 2d 1052, 1061 (C.D. Cal. Aug. 29, 2012). Nationstar requests judicial notice of (1) the Note executed by Sharon Rayee in 2009; (2) the Deed of Trust executed by Sharon Rayee in 2009; and (3) a 2025 letter from Nationstar to Johnson, which is also attached as an exhibit to Johnson's complaint. Dkt. 26. Johnson has not opposed the request. Dkt. 28.

The Court DENIES AS MOOT Nationstar's request for judicial notice. The complaint refers to the deed, includes an exhibit of the deed, which describes the note; and includes an exhibit of the 2025 letter. No. 3:26-cv-05673-TMC, Dkt. 1-2 at 6, 11–12, 28. These documents are incorporated by reference into the complaint and may be considered without judicial notice. *See Gammell*, 905 F. Supp. 2d at 1061.

## V. DISCUSSION

### A. Johnson's quiet-title claim fails.

To state a claim for quiet title under Washington law, a plaintiff must establish a valid, subsisting interest in the property and "prevail . . . on the strength of his own title," rather than "on the weakness of the title of his adversary." *Washington State Grange v. Brandt*, 136 Wn. App. 138, 153, 148 P.3d 1069 (2006); RCW 7.28.010, 7.28.120.

Johnson alleges that the Deed of Trust for the Shelton property is invalid because no assignments have been recorded since the original lender filed for bankruptcy. No. 3:26-cv-05673-TMC, Dkt. 1-2 at 6–7; Dkt. 28 at 2. But the absence of recorded assignments does not, by itself, extinguish a deed of trust or establish that Johnson holds superior title. *See In re Arrington*, 167 Wn. App. 1019, at *3 (2012) (citing *Miller v. Frybers*, 119 Wash. 243, 250, 205 P. 388 (1922)). Johnson acquired the property through a quitclaim deed from the estate of the original borrower. No. 3:26-cv-05673-TMC, Dkt. 1-2 at 6. That conveyance transferred only the interest held by the estate. *See Crafts v. Pitts*, 161 Wn.2d 16, 21 n.2, 162 P.3d 382 (2007) ("A quitclaim deed, unlike a warranty deed, transfers only the interest the grantor has in the subject property."). In fact, the Deed of Trust specifies that its covenants and agreements bind the successors and assigns of the borrower. No. 3:26-cv-05673-TMC, Dkt. 1-2 at 16.

Furthermore, a plaintiff seeking to quiet title against a deed of trust must allege facts showing the secured obligation has been satisfied. *Hummel v. Nw. Tr. Servs., Inc.*, 180 F. Supp. 3d 798, 809 (W.D. Wash. Mar. 23, 2016), *aff'd*, 740 F. App'x 142 (9th Cir. 2018). Johnson also does not allege the underlying loan obligation has been satisfied but rather acknowledges that he continues to make payments on the loan with a principal balance outstanding. No. 3:26-cv-05673-TMC, Dkt. 1-2 at 7, 31.

Nor does the absence of a recorded assignment establish that the Note or Deed of Trust is invalid. The Note submitted with Rocket's request for judicial notice contains an endorsement in blank. Dkt. 26-1 at 4. Under Washington law, an instrument endorsed in blank "becomes payable to bearer and may be negotiated by transfer of possession." RCW 62A.3-205(b). The person entitled to enforce an instrument is not limited to the original payee. RCW 62A.3-301. Thus, the absence of a recorded assignment does not, by itself, establish that the Deed of Trust is invalid.

Because Johnson acknowledges that he acquired the Deed to the Shelton property, acknowledges that the secured debt remains outstanding, and alleges no facts that the debt has otherwise been extinguished, he has not sufficiently pleaded a claim to quiet title. No. 3:26-cv-05673-TMC, Dkt. 1-2 at 6.

**B. Plaintiff's RESPA theory does not state a claim upon which relief can be granted and must be dismissed.**

Johnson claims that Nationstar "fail[ed] to respond to [his] QWR within thirty (30) business days" in "violat[ion] of" RESPA. Dkt. 1 at 2 (citing 12 U.S.C. § 2605; 12 C.F.R. § 1024.36). He seeks statutory and actual damages, among other relief. *Id.*

"RESPA requires loan servicers like [Nationstar] to respond to certain correspondence (i.e., QWRs) from borrowers." *Loewy v. CMG Mortg., Inc.*, 385 F. Supp. 3d 1083, 1086 (S.D. Cal. 2019) (citing 12 U.S.C. § 2605(e)(1)(A), (e)(2)). Once received, a loan servicer has 30 business days to respond to a QWR—extended an additional 15 days if the servicer notifies the borrower of the extension and its reasons for delay. *Id.* (citing 12 U.S.C. § 2605(e)(2), (e)(4)).

Nationstar asks the Court to dismiss Johnson's RESPA claim because (1) Johnson's communications to Nationstar were not QWRs and (2) Johnson does not state a claim for actual or statutory damages. Dkt. 20.

A communication to a loan servicer constitutes a QWR and requires a response when it "(1) reasonably identifies the borrower's name and account, (2) either states the borrower's 'reasons for the belief . . . that the account is in error' or 'provides sufficient detail to the servicer regarding other information sought by the borrower,' and (3) seeks 'information relating to the servicing of [the] loan.'" *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666 (9th Cir. 2012) (quoting 12 U.S.C. § 2605(e)(1)(A)–(B)).[1] "RESPA defines the term 'servicing' to encompass only 'receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts . . . , and making the payments of principal and interest and such other payments." *Id.* (quoting 12 U.S.C. § 2605(i)(3)).[2] In contrast, "letters challenging only a loan's validity or its terms are not [QWRs] that give rise to a duty to respond under § 2605(e)." *Id.* at 667. "RESPA does not require any magic language before a servicer must construe a written communication from a borrower as a [QWR] and respond accordingly." *Id.* at 666 (quoting *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 687 (7th Cir. 2011)).

While several of Johnson's requests to Nationstar concern matters that do not constitute servicing, his letter also requested a complete payment ledger and servicing-transfer history. Dkt. 1-1 at 1. Those requests concern the servicing of the loan. *See Medrano*, 704 F.3d at 666–67.

---

[1] Although often a "meaningless" distinction, the first two requirements are needed for a communication to constitute a QWR under § 2605(e)(1)(B), whereas the third requirement is necessary for that communication to require a response under § 2605(e)(1)(A). *Medrano*, 704 F.3d at 666 n.4.

[2] "[A] QWR typically seeks information related to accounting and billing disputes, such as unauthorized charges, charging wrong payments, or excessive late charges." *McCorgary v. Ocwen Loan Servicing, LLC*, No. 817-cv-1120 DOC (KSx), 2017 WL 8230032, at *4 (C.D. Cal. Sept. 11, 2017).

Johnson has not, however, adequately pleaded damages. As to actual damages, Johnson alleges he spent "substantial time . . . investigating and attempting to resolve the servicing and title issues" and suffered "emotional distress[] and continuing uncertainty regarding the validity and enforceability" of Nationstar's lien on his mortgage. Dkt. 17 at 3. Although Johnson alleges these damages were a "direct and proximate result" of Nationstar's "failure to respond to the QWR," *id.*, that conclusory assertion is insufficient without facts showing how the alleged RESPA violation caused the claimed damages. *See Schneider v. Bank of Am. N.A.*, No. 2:11-CV-2953 LKK DAD, 2012 WL 761975, at *5 (E.D. Cal. Mar. 6, 2012) ("At the pleading stage, the plaintiff must include a demonstration of . . . a causal relationship between the alleged damages and the RESPA violation.") (citation omitted). Even drawing all inferences in his favor, Johnson's are either conclusory or connected to his chain-of-title theories that do not constitute a QWR. Johnson has not adequately pleaded actual damages under 12 U.S.C. § 2605(f)(1)(A).

Plaintiff also seeks statutory damages under 12 U.S.C. § 2605(f)(1)(B). To recover statutory damages under RESPA Plaintiff must show "a pattern or practice of noncompliance" with RESPA's requirements. 12 U.S.C. § 2605(f)(1)(B). The amended complaint alleges one QWR and one alleged failure to respond. Dkt. 17 at 2–3. It does not allege additional violations or other facts from which the Court could plausibly infer a pattern or practice of noncompliance. *See Asare-Antwi v. Wells Fargo Bank, N.A.*, 855 F. App'x 370, 372–73 (9th Cir. 2021) (mem.). Plaintiff, therefore, has not adequately pleaded entitlement to statutory damages.

**C. Leave to amend**

"Unless it is absolutely clear that no amendment can cure the defect[s]" of a complaint, a self-represented litigant is entitled to notice of problems with the complaint that would result in the case being dismissed, and an opportunity to amend before dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). The Court is not required to grant an

opportunity to amend the complaint "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted).

There is a possibility that Johnson may cure his complaint by adding more factual allegations. The Court therefore GRANTS Defendants' motions to dismiss for failure to state a claim without prejudice and with leave to amend. Plaintiff will have until December 23, 2026 to file an amended complaint.

## VI. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

- Nationstar's motion to dismiss Plaintiff Shane Johnson's RESPA claim is GRANTED. Dkt. 20. The claim is DISMISSED without prejudice.
- Nationstar's motion to dismiss Plaintiff Shane Johnson's quiet title claim is GRANTED. Dkt. 25. The claim is DISMISSED without prejudice.
- Plaintiff Shane Johnson is GRANTED leave to file an amended complaint no later than December 23, 2026. If Plaintiff Shane Johnson does not file an amended complaint, the case will be dismissed without prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 24th day of November, 2026.

Tiffany M. Cartwright
United States District Judge